**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4040**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LARRY DUNLAP FRAZIER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00087-RJC-l)

Submitted:  October 22, 2008        Decided:  November 19, 2008

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Dunlap Frazier was convicted pursuant to a written plea agreement of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1), and 846 (West 1999 & Supp. 2008).  In his plea agreement and at the Rule 11 hearing, Frazier agreed that 3.5 kilograms of cocaine were attributable to him, that he understood he could be sentenced to between five and forty years in prison, that the court could consider relevant conduct in fashioning a sentence, and that any estimate of sentence from any source including defense counsel was a prediction rather than a promise. The court found Frazier's plea voluntarily and knowingly made. Frazier was sentenced to 188 months in prison, the bottom of the applicable advisory guidelines range.

Frazier appeals, contending that the district court abused its discretion in denying his motions seeking withdrawal of retained counsel and appointment of new counsel.[1]  Finding no error, we affirm.

Whether a motion for substitution of counsel should be granted is within a trial court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).  An indigent defendant has no right to a particular attorney and can demand new

---

[1]Frazier is represented on appeal by replacement, appointed counsel.

counsel only for good cause.  See United States v. Gallop, 838 F.2d

105, 108 (4th Cir. 1988).  Further, a defendant does not have an

absolute right to substitution of counsel.  United States v.

Mullen, 32 F.3d 891, 895 (4th Cir. 1994).  In evaluating whether

the trial court abused its discretion in denying a motion to

withdraw, this court must consider: (1) the timeliness of the

motion; (2) the adequacy of the court's inquiry; and (3) whether

the attorney/client conflict was so great that it resulted in total

lack of communication, preventing an adequate defense.[2]  United

States v. Reevey, 364 F.3d 151, 156-57 (4th Cir. 2004).

We conclude that the district court did not abuse its

discretion in denying Frazier's motions seeking retained counsel's

withdrawal and appointment of new counsel.  We first consider the

timeliness factor.  While Frazier filed at least three motions

seeking appointment of new counsel, the earliest of these motions

was not filed until eight months after entry of his guilty plea.

The complaints about counsel coincided with Frazier's desire to be

released on bond after pleading guilty but prior to sentencing and

counsel's failure to vigorously argue for bond.  Counsel cannot be

faulted for failing to file such frivolous a motion.  Further,

Frazier's complaints about counsel's conduct before the guilty plea

were untimely, as they certainly were known to Frazier at the time

---

[2]This court applies the same test when reviewing both motions
to withdraw as counsel and motions for substitution of counsel.
See United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997).

3

of the plea. Frazier's general complaints about lack of communication with counsel during the period between the guilty plea and sentencing were, however, timely.

Our next consideration is the adequacy of the district court's inquiry into the motion for new counsel. The district court considered and rejected the motions in two orders and again after lengthy consideration at sentencing. The court thoroughly examined Frazier's reasons for desiring new counsel. In addition to complaints that counsel coerced his guilty plea, promised him a shorter sentence, and failed to communicate with him before sentencing, Frazier argued that counsel made a racially insensitive comment. The court accepted counsel's explanation that Frazier refused to see him when he sought to visit Frazier, so he was forced to lay out his sentencing strategy by letter. The court was troubled by the racially insensitive comment, which counsel essentially acknowledged, but found it did not cause a total breakdown in the attorney/client relationship. The court found Frazier's contentions about his guilty plea foreclosed by the plea agreement and the Rule 11 hearing. Thus, we conclude that the district court conducted a thorough inquiry in arriving at this decision to deny the motion for substitution.

Our third inquiry focuses on whether the conflict between counsel and client was so great that the resulting lack of communication prevented an adequate defense. Johnson, 114 F.3d at

4

443. To the extent Frazier disagrees with counsel's trial strategy and tactics, such a disagreement does not constitute a breakdown in communications sufficient to warrant new appointed counsel. Id. at 443-44. The record does not reflect that the conflict between Frazier and counsel resulted in a "total lack of communication."

Against these considerations, we must weigh the district court's "interest in the orderly administration of justice." Reevey, 364 F.3d at 157. Here, the district court ensured that the sentencing proceeded, but that Frazier had every opportunity to raise issues with the court and that competent and prepared counsel was at hand. Counsel in fact, raised several issues with the court. The court also considered many previously-filed objections to the presentence report. Therefore, the district court meticulously protected Frazier's rights in imposing sentence, and Frazier does not challenge the reasoning behind his sentence on appeal. We conclude that the district court did not abuse its discretion in denying Frazier's motions seeking withdrawal of counsel and appointment of new counsel.

Accordingly, we affirm Frazier's conviction and sentence. Because Frazier is represented by counsel, we deny his motion to file a pro se, supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED